**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**KYLE KUROSKY,**

    **Petitioner,**

v.                                 **Civil Action No. 1:18-cv-197**
                                                **(Kleeh)**

**JENNIFER SAAD,**

    **Respondent.**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 20],
GRANTING MOTION TO DISMISS [DKT. NO. 10], AND
DISMISSING PETITION [DKT. NO. 1]**

On October 18, 2018, pro se Petitioner, Kyle Kurosky ("Petitioner"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Dkt. No. 1]. The petition challenged the Bureau of Prison's ("BOP") calculation of his sentence and the BOP's failure to properly credit his federal sentence with 13 months of time served in state custody [Id.]. Pursuant to 28 U.S.C. § 636 and the local rules, the Court referred this matter to United States Magistrate Judge Michael J. Aloi ("Magistrate Judge") for initial screening and a report and recommendation.

On March 18, 2019, Respondent filed a *Motion to Dismiss* with a supporting memorandum [Dkt. Nos. 10, 11]. The Magistrate Judge issued a Roseboro Notice to Petitioner on March 19, 2019 [Dkt. No. 12]. After being granted an extension of time by which to respond to the motion to dismiss, Petitioner filed a *Response to Motion to*

*Dismiss* [Dkt. No. 17] that was, in substance, another extension request. By order entered on December 16, 2019, Petitioner was given another two weeks within which to respond to the motion to dismiss [Dkt. No. 18]. He failed to file a response. On January 6, 2020, the Magistrate Judge issued a Report and Recommendation ("R&R") [Dkt. No. 20] recommending that Respondent's *Motion to Dismiss* [Dkt. No. 10], construed as a motion for summary judgment,[1] be granted. The R&R further recommends that Petitioner's case be dismissed with prejudice [Dkt. No. 20 at 12].

    The R&R specifically warned that the parties had "fourteen days from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection" [Dkt. No. 20 at 12]. The R&R stated that the failure to file written objections would constitute a waiver of appellate review by the Circuit Court of Appeals [Id. at 13]. It further stated that the failure to file written objections also relieves the Court of any obligation to conduct a de novo review of the issue presented [Id.]. See Wells v. Shriners Hosp., 109 F.3d 198,

---

[1] Respondent's *Motion to Dismiss* was accompanied by a supporting witness declaration for the Court's consideration. Accordingly, it was construed as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

199-200 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989).

The R&R was issued on January 6, 2020, and mailed to Petitioner, via certified mail, on that same date [Dkt. No. 20-1]. Service of the R&R was accepted on January 8, 2020 [Dkt. No. 21]. To date, no objections have been filed.

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations" to which there are no objections. Dellarcirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold portions of a recommendation to which no objection has been made unless they are clearly erroneous. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Because no party has objected, the Court is under no obligation to conduct a de novo review. Accordingly, the Court reviewed the R&R for clear error. Upon careful review, and finding no clear error, the Court **ADOPTS** the Report and Recommendation in its entirety. The Court **ORDERS** that:

1) Respondent's *Motion to Dismiss* [Dkt. No. 10] be **GRANTED**;

2) The Petition for writ of habeas corpus [Dkt. No. 1] be **DISMISSED WITH PREJUDICE;** and

3) The matter be **STRICKEN** from the Court's active docket.

It is so **ORDERED.**

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of both orders to counsel of record and to the pro se Petitioner, certified mail, return receipt requested.

**DATED:** February 18, 2020

/s/ Thomas S. Kleeh
THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE